UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

DERRICK CRANFORD,

                    Petitioner,

    v.

WARDEN WILLIAMS, *et al.*,

                   Respondents.

Case No. 2:23-cv-01462-MMD-EJY

ORDER

## I.    SUMMARY

Petitioner Derrick Cranford, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Petitioner to show cause in writing why this action should not be dismissed without prejudice as unexhausted. The Court defers consideration of Petitioner's motion for appointment of counsel (ECF No. 4).

## II.    BACKGROUND

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Cranford*, Case No. C-15-309357-1.[2] On August 24, 2017, the state court entered a judgment of conviction for attempt first degree kidnapping and attempt sexual assault. The state court sentenced Petitioner to an aggregate term of 9 to 25 years. Petitioner filed an untimely notice of appeal and the Nevada appellate court dismissed for lack of jurisdiction.

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On September 18, 2018, Petitioner filed a state habeas petition seeking post-conviction relief. *See Cranford v. State of Nevada*, Case No. A-18-781413-W. The state court denied his petition. In August 2023, Petitioner filed a second state habeas petition. *See Cranford v. State of Nevada*, Case No. A-23-876219-W. The state court denied his second habeas petition and Petitioner appealed. A review of the Nevada Supreme Court's electronic filing database reveal that Petitioner's post-conviction habeas appeal proceedings are still pending and briefing is currently in progress. On September 18, 2023, Petitioner initiated this federal habeas proceeding. (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 5,6.)

## III.   DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, *id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*,

2

526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, it appears that the petition is wholly unexhausted in state court and is subject to dismissal without prejudice. Petitioner did not file a timely direct appeal. There is a pending post-conviction appellate proceeding, and as a result, Petitioner has not demonstrated that he has fully exhausted his state court remedies. Accordingly, Petitioner will be required to show cause in writing within 45 days of the date of this order why this action should not be dismissed because of his failure to exhaust his claims in Nevada courts.

## IV.   CONCLUSION

It is therefore ordered that Petitioner must file within 45 days of the date of this order a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed without prejudice based on his failure to exhaust his claims in Nevada courts. Petitioner's response must be factually detailed and, where possible, supported by exhibits.

If Petitioner fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

DATED THIS 14th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE